IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EMILY PARKER,                         )
                                      )
            Plaintiff,                )
                                      )
v.                                    )   Case No. 17-2061-JWL
                                      )
TILT LOGISTICS, INC.;                 )
RYDER TRUCK RENTAL, INC.; and         )
CHRISTOPHER SMART,                    )
                                      )
            Defendants.               )
                                      )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion to dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. # 46). For the reasons set forth below, the Court **grants** the motion. This action is hereby dismissed, with each party bearing its own costs.

This diversity action arose from an automobile accident on February 11, 2015, in Jackson County, Kansas, that took the life of Jacqueline Moore. On February 1, 2017, plaintiff, alleged to be decedent's daughter, filed her complaint in this action, asserting wrongful death claims under Kansas law against three defendants: Christopher Smart, the driver of the truck that collided with decedent's vehicle; Tilt Logistics, Inc., Mr. Smart's employer or principal; and Ryder Truck Rental, Inc., which allegedly provided

the truck.[1]  Unbeknownst to plaintiff (according to her motion), the administrator of decedent's estate had already filed, on January 11, 2017, a state-court survivor action against Mr. Smart and Tilt Logistics, Inc. in Jackson County District Court (the *Liesmann* action).  By letter dated November 8, 2017, the *Liesmann* judge notified this Court, with a copy to plaintiff's and defendants' counsel, of the existence of the two actions.  Plaintiff then filed the instant motion to dismiss, based on her intent to join the pending *Liesmann* action in state court, so that both actions may be litigated and tried together, in accordance with the reasonable suggestion of the *Liesmann* judge.

Because defendants have filed answers and do not consent to the requested dismissal without prejudice, plaintiff was compelled to seek an order of dismissal from the Court.  *See* Fed. R. Civ. P. 41(a)(1).  Rule 41(a)(2) provides that a court may dismiss an action without prejudice at the plaintiff's request "on terms that the court considers proper."  *See* Fed. R. Civ. P. 41(a)(2); *accord American Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *See Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (citation and internal quotation omitted).  "[A]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."  *See Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (citation and

---

[1]Two other defendants named in the complaint have since been dismissed from the action.

internal quotation omitted).  The Tenth Circuit has discussed this standard as follows:

> Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice.  Rather, prejudice is a function of other, practical factors including: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation.  These factors are neither exclusive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case.  And in reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff.

*See id.* at 1125 (citations and internal quotations omitted).

The Court concludes that dismissal without prejudice is appropriate in this case. It appears that plaintiff acted diligently in filing her motion after learning of the other action, and plaintiff's motive for seeking dismissal is clear.[2]  This request does not come late in the litigation—although the parties have engaged in some written discovery, depositions and expert disclosures have not yet taken place, and trial is not scheduled until November 2018. Defendants argue that the present wrongful death action on behalf of decedent's heirs and the state-court survivor action on behalf of decedent's estate involve distinct claims that are not required to be joined in one action.  Defendants do not dispute, however, that the litigation and trial of the two actions together would be more efficient.  Indeed, a joined action will undoubtedly serve interests of efficiency, as

---

[2] In resolving this motion, the Court need not determine or comment on any obligation of defendants to have notified plaintiff of the *Liesmann* action.

the cases involve allegations of negligence with respect to the same accident, and the same attorneys represent defendants in both actions. Defendants have not argued that the case should not be dismissed or that it should be dismissed only with prejudice.

In their only objection, defendants argue that the Court should order, as a condition of the dismissal without prejudice, that they be awarded their "costs, attorneys' fees, and expenses" incurred in this action if any subsequent wrongful death action is filed in any court on behalf of decedent's heirs. Defendants assert in their response that they have "made elaborate preparation for the trial of this case and expended a large sum of money in doing so," and that such expenses "will be incurred again, in whole or in part," in any subsequently-filed wrongful death action. Defendants have not provided any detail about their trial preparation (for a November 2018 trial), however, or provided any indication of the scope of their expenses to date. More importantly, defendants have not explained why any such expenses must be incurred again in a subsequent suit, as it would appear that any discovery, research, and investigation already undertaken could be used in defending a subsequent state-court action. Moreover, the potential for some minimal amount of duplicative work must be weighed against the savings that defendants will enjoy in litigating in one court instead of two, especially if only a single trial is conducted.[3]

---

[3] Defendants note that Ryder Truck Rental, Inc. is not a defendant in the *Liesmann* action. The same counsel represents all of the defendants in this action, however, and defendants have not explained how any work performed in this action distinct to that
(continued...)

4

In support of their argument that they should receive their fees and expenses incurred in this action, defendants cite Rule 41(d), which provides that if a plaintiff re-files a claim that it previously dismissed, the court may order payment of the "costs" of the previous action. *See* Fed. R. Civ. P. 41(d). Under that rule, however, such an issue of the payment of costs arises only at the time of the second filing, and thus the rule does not apply to the dismissal of this action. In addition, this Court has previously held that the rule's reference to an award of "costs" does not allow for an award of attorney fees. *See Cardozo v. Home Depot U.S.A., Inc.*, 2010 WL 2774137, at *6-7 (D. Kan. July 13, 2010) (Lungstrum, J.) (following reasoning of *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874-76 (6th Cir. 2000)).

Finally, the Court believes that the state court (where plaintiff intends to re-file) is in a better position to determine whether any particular costs incurred in the subsequent action is unnecessarily and unreasonably duplicative, to weigh any such costs against efficiencies gained by defendants in a joined action, and to consider any relief with respect to such costs.

Accordingly, the Court concludes in its discretion that a dismissal without prejudice, without the condition requested by defendants, is appropriate here.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to

---

[3](...continued)
defendant would not be used in a subsequent action.

dismiss (Doc. #46) is hereby **granted**.  This action is hereby dismissed, with each party bearing its own costs.

    IT IS SO ORDERED.

    Dated this 30th day of November, 2017, in Kansas City, Kansas.

                                      s/ John W. Lungstrum
                                      John W. Lungstrum
                                      United States District Judge